UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

DAVID C. LETTIERI,

                              Plaintiff,

                                                         3:24-CV-0475
v.                                                       (DNH/ML)

DEP'T OF JUSTICE; and FEDERAL
BUREAU OF INVESTIGATION,

                              Defendants.

_____

APPEARANCES:                                 OF COUNSEL:

DAVID C. LETTIERI
  Plaintiff, *Pro Se*
Niagara County Jail
5526 Niagara Street Ex.
Lockport, New York 149094


MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

### I.      BACKGROUND

#### A.      Procedural History

Plaintiff David C. Lettieri ("Plaintiff") commenced this civil rights action *pro se* on April 4,

2024, on a form complaint alleging that his rights were violated by Defendants Department of

Justice and Federal Bureau of Investigation (collectively "Defendants").  (Dkt. No. 1.)  Plaintiff

did not pay the filing fee for this action and sought leave to proceed *in forma pauperis* ("IFP").

(Dkt. Nos. 2, 3.)  On April 24, 2024, the undersigned denied Plaintiff's IFP application as

incomplete.  (Dkt. No. 7.)  On May 16, 2024, Plaintiff filed an amended application to proceed

IFP (Dkt. No. 8) and Letter Request/Motion seeking discovery (Dkt. No. 9).

### B.    Complaint

Construed as liberally[1] as possible, Plaintiff's Complaint appears to allege that in

November 2020, Defendants violated his rights.  (*See generally* Dkt. No. 1.)  The Complaint

refers to a notarized statement (Dkt. No. 1 at 4-5) but none is attached to the Complaint.

Based on these factual allegations, Plaintiff appears to assert the following four claims:

(1) a claim that his due process rights were violated; (2) a claim of excessive force; (3) a claim

that Plaintiff did not receive a fair trial; and (4) a claim of unlawful seizure.  (*Id*. at 3.)   As relief,

Plaintiff seeks $1,000,000 in damages and to get his phone back.  (*Id*. at 5.)

Plaintiff seeks leave to proceed IFP.  (Dkt. No. 8.)

## II.    PLAINTIFF'S AMENDED APPLICATION TO PROCEED IFP

Where a plaintiff seeks leave to proceed IFP, the Court must determine whether the

plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the

Court's filing fee of four hundred and five dollars ($405.00). The Court must also determine

whether the "three strikes" provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars the

plaintiff from proceeding IFP and without prepayment of the filing fee.  More specifically,

Section 1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or
> more prior occasions, while incarcerated or detained in any facility,
> brought an action or appeal in a court of the United States that was
> dismissed on the grounds that it is frivolous, malicious, or fails to state a

---

[1]    The court must interpret *pro se* complaints to raise the strongest arguments they suggest.
*Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790
(2d Cir. 1994)).

2

claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  If the plaintiff is indigent and not barred by Section 1915(g), the Court must consider the sufficiency of the claims stated in the complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

In this case, Plaintiff has failed to demonstrate economic need through his IFP application, because he fails to provide the value of (1) the money he has in cash or in a checking or savings account (Dkt. No. 8 at ¶ 4), and (2) the three real estate properties he owns (*id*. at ¶ 5). Moreover, Plaintiff's amended IFP application is the short form IFP application, which does not contain the certificate portion to be completed by an appropriate official at Plaintiff's institution of incarceration pursuant to N.D.N.Y. L.R. 5.1.4(b)(1)(A).  (*Compare* Dkt. No. 2, *with* Dkt. No. 8.)  Thus, the amended IFP application does not comply with 28 U.S.C. § 1915(a)(2), which requires that an IFP request be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint."[2]  28 U.S.C. § 1915(a)(2).

As a result, the undersigned could deny Plaintiff's amended IFP application without prejudice on these bases alone.  However, as will be discussed below, because Plaintiff has three strikes and his Complaint does not allege that he was in imminent danger at the time of filing, his second amended IFP application is denied with prejudice.

---

[2]     The amended IFP application explicitly directs that if Plaintiff has "an account in the institution" in which he is incarcerated, he must attach to his IFP application "a statement certified by the appropriate institutional officer showing all receipts, expenditures, and balances during the last six months for any institutional account in [his] name."  (Dkt. No. 8 at ¶ 1.)

Plaintiff has filed the inmate authorization form required in the Northern District of New York.  (Dkt. No. 3.)  Thus, the Court must determine whether the "three strikes" rule of Section 1915(g) bars Plaintiff from proceeding with this action IFP.

### A.      Determination of "Strikes"

Plaintiff is a frequent litigator, having commenced at least thirteen *pro se* actions in the Northern District of New York since August 30, 2023.  *In re Lettieri*, 24-PF-0001, 2024 WL 1655374, at *2, n.1 (N.D.N.Y. Apr. 17, 2024) (Sannes, C.J.).

Upon review of those actions and actions filed by Plaintiff in other districts, and consistent with the determinations reached by Chief District Judge Brenda K. Sannes in *Lettieri v. Vestal Police*, 24-CV-0198, 2024, 1616330, at *2 (N.D.N.Y. Apr. 15, 2024) (Sannes, C.J.), the Honorable Hector Gonzalez in *Lettieri v. Broome Cnty. Humane Soc'y*, 20-CV-7777, 23-CV-7830, 2023 WL 7017081, at *2 (E.D.N.Y. Oct. 25, 2023), *denying recons.*, 2023 WL 8003478, (E.D.N.Y. Nov. 17, 2023), and the Honorable Lawrence J. Vilardo in *Lettieri v. Broome Cnty. Humane Soc'y*, 23-CV-1223, 2023 WL 9066861, at *2 (W.D.N.Y. Dec. 4, 2023), and *Lettieri v. Auricchio*, 23-CV-1121, 2023 WL 9066873, at *2 (W.D.N.Y. Dec. 4, 2023), this Court finds that, as of the date that Plaintiff commenced this action, he had acquired at least three "strikes."[3] As a result, Plaintiff's IFP Application must be denied unless it appears that the "imminent danger" exception to the "three strikes" rule set forth in Section 1915(g) is applicable to this action.[4]

---

[3]      The actions in which Plaintiff acquired strikes are as follows: (1) *Lettieri v. W. Dist. of N.Y.*, 23-CV-7508, Dkt. No. 28 (March 13, 2024); (2) *Lettieri v. W. Dist. of N.Y.*, 23-CV-0770 (W.D.N.Y. Sept. 11, 2023), Dkt. No. 7; (3) *Lettieri v. U.S. Dep't of Justice*, 23-CV-0866 (W.D.N.Y. Sept. 19, 2023), Dkt. No. 3; and (4) *Lettieri v. Vilardo*, 23-CV-6498 (W.D.N.Y. Sept. 21, 2023), Dkt. No. 3.

[4]      Before the Complaint in this action was filed, Plaintiff had been informed several times that he had accumulated three strikes.  *See, e.g., Lettieri v. Bonanno*, 23-CV-6515, 2023 WL

### B.      Applicability of the "Imminent Danger" Exception

The "imminent danger" exception protects a prison inmate exposed to potential serious physical injury from the consequences of his earlier mistakes in filing frivolous litigation. Generally speaking, the allegations relevant to this inquiry "are those in which [plaintiff] describes physical injury, threats of violence, and deprivation of medical treatment." *Chavis v. Chappius*, 618 F.3d 162, 165 (2d Cir. 2010). The Second Circuit has described the nature of the Court's inquiry regarding imminent danger as follows: "although the feared physical injury must be serious, we should not make an overly detailed inquiry into whether the allegations qualify for the exception, because § 1915(g) concerns only a threshold procedural question, while [s]eparate PLRA provisions are directed at screening out meritless suits early on." *Chavis*, 618 F.3d at 169-70 (*quoting Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007)) (internal quotation marks omitted).

---

9184676, at *1 n.4 (W.D.N.Y. Dec. 18, 2023) ("Following the filing of this action, this Court found Plaintiff had garnered three strikes under 28 U.S.C. § 1915(g), and, therefore, could not proceed IFP without showing that he is under "imminent danger of serious physical injury."); *Lettieri v Bonanno*, 23-CV-1081, 2023 WL 9421209, at *2 (W.D.N.Y. Dec. 4, 2023) (internal citations omitted) ("The three strikes rule squarely applies here. In addition to this case, [Plaintiff] has filed more than 50 actions in this Court in the past year. At least three of those cases were dismissed because the defendants were immune from suit . . . . [Thus,] Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g)."); *Lettieri v. Auricchio*, 23-CV-1121, 2023 WL 9066873, at *2 (W.D.N.Y. Dec. 4, 2023) (same); *Lettieri v. Broome Cnty. Humane Soc'y*, 23-CV-1223, 2023 WL 9066861, at *2 (W.D.N.Y. Dec. 4, 2023) (same); *Lettieri v. Broome Cnty. Humane Soc'y*, 23-CV-7777, 23-CV-7830, 2023 WL 8003478, at *1 (E.D.N.Y. Nov. 17, 2023) ("Plaintiff incorrectly argues that the prison mailbox rule means that each of these two cases was deemed filed before he received the third dismissal relied upon by the Court to invoke the three-strikes rule."); *Lettieri v. Broome Cnty. Humane Soc'y*, 23-CV-7777, 23-CV-7830, 2023 WL 7017081, at *2 (E.D.N.Y. Oct. 25, 2023) ("Plaintiff falls within this prohibition because at least three of the cases that he has filed in the Western District on an *in forma pauperis* basis were dismissed *sua sponte* for failure to state a claim."). Notwithstanding this information, Plaintiff falsely represented in the Complaint that he had not accumulated three strikes before the commencement of this action. (Dkt. No. 1 at 8.)

"[F]or a prisoner to qualify for the imminent danger exception, the danger must be present when he files his complaint – in other words, a three-strikes litigant is not excepted from the filing fee if he alleges a danger that has dissipated by the time a complaint is filed." *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009); *see also Polanco v. Hopkins*, 510 F.3d 152 (2d Cir. 2007); *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018).  However, "allegations of past violence can satisfy the imminent danger exception when, for example, the past harms are part of an ongoing pattern of acts." *Carter v. New York State*, 20-CV-5955, 2020 WL 4700902, at *1 (S.D.N.Y. Aug. 12, 2020) (citing *Chavis*, 618 F.3d at 170 (holding that "[a]n allegation of a recent brutal beating, combined with three separate threatening incidents, some of which involved officers who purportedly participated in that beating, is clearly the sort of ongoing pattern of acts that satisfies the imminent danger exception.")).

In addition, "§ 1915(g) allows a three-strikes litigant to proceed [IFP] only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." *Pettus*, 554 F.3d at 296.  In deciding whether such a nexus exists, the Second Circuit has instructed the courts to consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would redress that injury." *Id.* at 298-99.

In this case, the Complaint alleges that over three years before filing this action, Defendants violated his civil rights.  (Dkt. No. 1 at 5.)  These allegations fail to plausibly suggest that Plaintiff was "under imminent danger of serious physical injury" when he signed his complaint on October 3, 2023.  (Dkt. No. 1 at 11.)  Therefore, Plaintiff is barred from proceeding IFP under Section 1915.

To the extent that Plaintiff pays the filing fee this matter shall be returned to the undersigned for a review of the Complaint pursuant to 28 U.S.C. § 1915A.  Plaintiff's Letter Motion (Dkt. No. 9) is denied without prejudice to refiling upon payment of the filing fee.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's amended IFP application (Dkt. No. 8) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Letter Request/Motion (Dkt. No. 9) is **DENIED without prejudice**; and it is further respectfully

**RECOMMENDED** that should Plaintiff wish to proceed with this action, he be required to pay the $405.00 filing and administrative fees **within thirty (30) days** from the filing of an Order by the assigned District Judge adopting this Order and Report-Recommendation. It is recommended that should Plaintiff fail to pay the full filing and administrative fees **within thirty (30) days** of the date of such an order, the case be dismissed without prejudice and without further order of the Court; and it is further

**ORDERED** that the Clerk of the Court shall file a copy of this order and report-recommendation on the docket of this case and serve a copy upon the parties in accordance with the local rules.[5]

---

[5]      The Clerk shall also provide Plaintiff with copies of all unreported decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

**NOTICE:** Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)).

Dated: June  5, 2024
    Binghamton, New York

*[signature]*

Miroslav Lovric
U.S. Magistrate Judge

---

[6]    If you are proceeding *pro se* and served with this report, recommendation, and order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date that the report, recommendation, and order was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).

2024 WL 1655374
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.

IN RE: David C. LETTIERI, Respondent.

3:24-PF-1 (BKS)
|
Signed April 17, 2024

**Attorneys and Law Firms**

David C. Lettieri, Lockport, NY, Pro Se.

**ORDER TO SHOW CAUSE**

Brenda K. Sannes, Chief United States District Judge:

**\*1** Respondent David C. Lettieri has filed thirteen pro se actions in the Northern District of New York since August 30, 2023. [1] Respondent's filings are not limited to the Northern District of New York; a review of the Public Access to Court Electronic Records ("PACER") database shows that Plaintiff is a prolific filer and has filed well over 70 cases in federal district courts around the country, "almost all of which have been found to be frivolous or without merit." Order Dismissing Complaint, *Lettieri v. Allegany Cnty. Jail*, No. 24-cv-21114 (S.D. Fla. Mar. 26, 2024), ECF No. 4, at 2. On January 26, 2024, United States Magistrate Judge Miroslav Lovric issued an Order and Report-Recommendation observing that "Plaintiff has displayed a perpetual abuse of the judicial process in this District and others," and recommending that the undersigned consider whether a Pre-Filing Order should be issued prohibiting Lettieri "from making any future pro se filings in this District without prior leave of the Chief Judge." Order & Report-Recommendation, *Lettieri VII*, No. 24-cv-74 (N.D.N.Y. Jan 26, 2024), ECF No. 4, at 9–13.

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The

filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> **\*2** (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

A review of CM/ECF shows that Respondent has filed thirteen pro se actions in the Northern District of New York since August 30, 2023. *See supra* note 1. All thirteen cases allege violation of constitutional rights under 42 U.S.C. § 1983 and allege, inter alia, unlawful search and seizure, due process violations, excessive force, and unlawful arrest. Of the thirteen cases, five concern events arising on November 5, 2020, *Lettieri I*, 23-cv-1099; *Lettieri VIII*, 24-cv-102; *Lettieri XI*, 24-cv-434; *Lettieri XII*, 24-cv-474; and *Lettieri XIII*, 24-cv-475. Respondent sues, among others, the FBI, Department of Justice, the New York State Police, Broome County, Broome County Sheriffs, Vestal Police Department, City of Binghamton, Broome County Human Society, and a number of individual defendants. In addition to seeking to vindicate his individual constitutional rights, Respondent's complaints advance claims stemming from the allegedly illegal seizure of his (or his girlfriend's) dog. *See Lettieri V*, 23-cv-1547; *Lettieri VIII*, 24-cv-102; *Lettieri XI*, 24-cv-434.

Two of Respondent's cases were transferred to the Western District of New York, *see Lettieri II*, 23-cv-1136; *Lettieri III*, 23-cv-1272, and *Lettieri XI*, 24-cv-434, was administratively

closed for failure to pay the filing fee or file a proper motion for in forma pauperis status. Magistrate Judge Lovric has recommended that *Lettieri I*, 23-cv-1099, be dismissed, without leave to amend, as barred by the doctrine of judicial immunity, and *Lettieri I*, 23-cv-1099, *Lettieri IV*, 23-cv-1421, *Lettieri V*, 23-cv-1547, *Lettieri VI*, 23-cv-1597, *Lettieri VII*, 24-cv-74, *Lettieri VIII*, 24-cv-102, *Lettieri IX*, 24-cv-156, *Lettieri X*, 24-cv-198, *Lettieri XI*, 24-cv-434, are subject to, or have been recommended for, dismissal on the ground that as a litigant with three strikes, [2] Respondent must pay the filing fee to proceed with the action. Only Lettieri, XII, 24-cv-474 and *Lettieri XIII*, 24-cv-475, which are awaiting initial review, are actively pending.

As to the first and second factors, the Court finds that Respondent's litigation history in the Northern District involves the filing vexatious and duplicative lawsuits and that such filings were not in good faith. *Eliahu*, 919 F.3d at 714. Respondent has filed thirteen cases against various defendants, some of whom are named multiple times. *See, e.g.*, *Lettieri III*, 23-cv-1272 (naming the DOJ and FBI); *Lettieri XIII*, 24-cv-475 (naming the DOJ and FBI)*; see also Lettieri I*, 23-cv-1099 (naming the FBI). At least five of the actions concern the same date. *See Lettieri I*, 23-cv-1099 (alleging events at issue occurred on November 5, 2020); *Lettieri VIII*, 24-cv-102; *Lettieri XI*, 24-cv-434 (same); *Lettieri XII*, 24-cv-474 (same); *Lettieri XIII,* 24-cv-475 (same). Further, some contain almost no factual allegations, *see, e.g.*, *Lettieri IV*, 23-cv-1421 (alleging "refuse to give a face shield to protect from Covid-19"); *Lettieri VI*, 23-cv-1597 (alleging "tampered with a witness that was on the defendants witness list"); *Lettieri IX*, 23-cv-156 (alleging "filed a false charge in order to try to take property that was stolen"). The Court therefore has no difficulty concluding that Plaintiff's conduct was vexatious and duplicative, and was not in good faith.

**\*3** The third factor, whether the respondent was represented by counsel, *Eliahu*, 919 F.3d at 714, weighs against the issuance of a Pre-Filing Order, as Respondent has filed all his actions pro se. All but two actions have been transferred, dismissed, or recommended for dismissal for failure to pay the filing fee; no Court in the Northern District has reached the merits of any of Respondent's actions. The fourth factor, whether the respondent has imposed needless expense or burden on the court or others, *id.*, weighs in favor of a Pre-Filing Order. In filing the present action Respondent imposed needless expense and burden on the Court, including on the seven United States District Court Judges and one

Magistrate Judge who were required to address and dispose of his numerous complaints. The Court notes that none of Respondent's complaints appear to have been served, no defendant has appeared in any of Respondent's actions, and no defendant has been subjected to expenses or any burden in connection with Respondent's conduct. However, given the burden that has been imposed on the Court, this factor weighs in favor of the issuance of a Pre-Filing Order. The final factor the Court must consider in determining whether to issue a Pre-Filing Order is whether other sanctions would be adequate to protect the court and other parties. *Id.* Here, the Court concludes that monetary sanctions would be ineffectual as Respondent, who has applied for IFP status and is presently incarcerated, appears to have no ability to satisfy a monetary sanction. Moreover, Respondent's accumulation of three-strikes and consequent loss of the ability to proceed IFP under most circumstances has not deterred Respondent from filing.

Respondent's motivation for filing vexatious and duplicative litigation is unclear. Although Respondent has acted without the benefit of an attorney's involvement, given that Respondent's actions have been devoid of any merit and often duplicative, the Court concludes that it cannot be said that he was acting in good faith. As to expense and burden, while Respondent's litigation has not resulted in needless expense to his litigation adversaries (all cases have been dismissed prior to service and no defendant has appeared), Respondent's litigation has placed an unnecessary burden on the courts. Respondent has filed thirteen actions in less than one year, taxing the dockets of seven district judges and one magistrate judge. Respondent's continued filing of cases suggests that that dismissal alone would be an insufficient remedy and that no sanction short of an injunction would be sufficient to protect the court and other parties.

Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any future pleadings or documents of any kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed). Notwithstanding the overwhelming support for a pre-filing injunction, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any

kind (including motions) in this District pro se without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Respondent David C. Lettieri shall, within FOURTEEN (14) DAYS of the date of this Order, show cause, in writing, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York pro se without prior permission of the Chief Judge or his or her designee (except pleadings or documents in a case that is open at the time of the issuance of the Court's Pre-Filing Order, until that case is closed); [3] and it is further

*4 **ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

**All Citations**

Slip Copy, 2024 WL 1655374

## Footnotes

[1]   *Lettieri v. Fed. Bureau of Investigation (Lettieri I)*, No. 23-cv-1099 (GTS/ML) (N.D.N.Y. filed Aug. 20, 2023); *Lettieri v. Ne. Ohio Corr. Ctr. (Lettieri II)*, No. 23-cv-1136 (MAD/ML) (N.D.N.Y. filed Sep. 5, 2023); *Lettieri v. Dep't of Justice (Lettieri III)*, No. 23-cv-1272 (BKS/ML) (N.D.N.Y. filed Oct. 12, 2023); *Lettieri v. Garver (Lettieri IV)*, No. 23-cv-1421 (DNH/MJK) (N.D.N.Y. filed Nov. 15, 2023); *Lettieri v. New York State Police (Lettieri V)*, No. 23-cv-1547 (TJM/ML) (N.D.N.Y. filed Dec. 11, 2023); *Lettieri v. Brigueal (Lettieri VI)*, No. 23-cv-1597 (AMN/ML) (N.D.N.Y. filed Dec. 18, 2023); *Lettieri v. City of Binghamton (Lettieri VII)*, No. 24-cv-74 (BKS/ML) (N.D.N.Y. filed Jan. 17, 2024); *Lettieri v. Gaska (Lettieri VIII)*, No. 24-cv-102 (GTS/ML) (N.D.N.Y. filed Jan. 22, 2024); *Lettieri v. Broome Cnty. Sheriffs (Lettieri IX)*, No. 24-cv-156 (LEK/ML) (N.D.N.Y. filed Jan. 31, 2024); *Lettieri v. Vestal Police (Lettieri X)*, No. 24-cv-198 (BKS/ML) (N.D.N.Y. Feb. 9, 2024); *Lettieri v. Matson (Lettieri XI)*, No. 24-cv-434 (GTS/ML) (N.D.N.Y. Mar. 27, 2024); *Lettieri v. Schemit (Lettieri XII)*, No. 24-cv-474 (GTS/ML) (N.D.N.Y. Apr. 4, 2024); *Lettieri v. Dep't of Justice (Lettieri XIII)*, No. 24-cv-475 (DNH/ML) (N.D.N.Y. Apr. 4, 2024).

[2]   The "three strikes" provision of 28 U.S.C. § 1915(g) ("Section 1915(g)") bars Respondent from proceeding IFP and without prepayment of the filing fee as he is a prisoner and has, "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

[3]   This injunction would apply to, among other things, continued filings by Respondent as a pro se plaintiff in any action filed by him in state court removed to this Court or filed by him in another U.S. District Court and transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D. D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred

from the District of Delaware). However, this injunction would not prohibit Respondent from filing a petition for relief pursuant to 28 U.S.C. § 2254.

---

**End of Document**                                      © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2023 WL 7017081
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

David Carmine LETTIERI, Plaintiff,

v.

The BROOME COUNTY HUMANE
SOCIETY, Department of Justice, and
Federal Bureau of Investigation, Defendants.
David Carmine Lettieri, Plaintiff,

v.

James Quinn Auricchio, Michael J. Roemer, Lawrence
Joseph Vilardo, and Paul E. Bonanno, Defendants.

23-CV-07777 (HG) (MMH), 23-CV-07830 (HG) (MMH)
|
Signed October 25, 2023

**Attorneys and Law Firms**

David Carmine Lettieri, Lockport, NY, Pro Se.

**MEMORANDUM & ORDER**

HECTOR GONZALEZ, United States District Judge:

**\*1** Plaintiff was convicted at trial earlier this year, in the U.S. District Court for the Western District of New York, for enticement of a minor in violation of 18 U.S.C. § 2422(b) and is currently detained in a county jail located in that district while awaiting sentencing. *See United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at *1 (W.D.N.Y. Oct. 6, 2023) (denying plaintiff's post-trial motions for judgment of acquittal or for a new trial). Based on the Court's review of publicly available dockets in the Western District, Plaintiff has filed nearly 50 civil cases, many of which he has purportedly brought on an *in forma pauperis* basis, seeking permission to commence those cases without prepaying the district's filing fee. In response, the Western District has commenced a miscellaneous proceeding in which it has ordered Plaintiff to show cause why he should not be prohibited from filing any new actions without paying the applicable filing fees or submitting proper requests for *in forma pauperis* status. *See In re David C. Lettieri*, No. 23-mc-32 (W.D.N.Y. filed Sept. 5, 2023) (ECF No. 1).

Plaintiff has also filed two civil complaints in this District, each of which is accompanied by a request to proceed *in forma pauperis*. In the first of these cases, Plaintiff purports to be acting as the administrator of the estate of an apparently deceased relative and alleges that the Broome County Humane Society unlawfully entered his relative's home and took his relative's dog. *Lettieri v. The Broome County Humane Society*, No. 23-cv-7777 (E.D.N.Y. filed Oct. 10, 2023) (ECF No. 1). Although Plaintiff's complaint in that case names as Defendants the U.S. Department of Justice and the Federal Bureau of Investigation, his complaint makes no attempt to explain what role any employee of those agencies—or any other federal employee—played in the events giving rise to Plaintiff's purported claim against the humane society. *Id.* In the second case, Plaintiff asserts claims for damages against the district judge and magistrate judge who presided over his criminal proceedings in the Western District, along with an Assistant U.S. Attorney who participated in the case and one of Plaintiff's own defense attorneys. *Lettieri v. Quinn*, No. 23-cv-7830 (E.D.N.Y. filed Oct. 16, 2023) (ECF No. 1). The basis for Plaintiff's damages claim is unclear, but he appears to assert that the facts alleged in the indictment against him were sufficiently different from the facts presented at trial, such that the Court should infer that the Government committed some kind of misconduct before the grand jury. *Id.*

The statute that authorizes plaintiffs to receive *in forma pauperis* status also contains a prohibition, commonly known as the "three strikes rule," that provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**\*2** 28 U.S.C. § 1915(g). Dismissing the complaint is the proper remedy when a plaintiff seeks *in forma pauperis* status but is ineligible to receive such status under 28 U.S.C. § 1915(g). *See Griffin v. Carnes*, 72 F.4th 16, 21 (2d Cir. 2023)

("The district court correctly concluded that [the plaintiff] was barred by the [Prison Litigation Reform Act's] three strikes provision from proceeding [*in forma pauperis*], and, therefore, properly dismissed his complaint."). [1] A district court need not hold an incarcerated plaintiff's lawsuit "in abeyance until he is able to pay the filing fees," so long as the dismissal is "without prejudice to [the plaintiff's] right to file new actions with payment of the filing fees." *Akassy v. Hardy*, 887 F.3d 91, 98 (2d Cir. 2018) (holding that "the district court plainly ha[d] the authority to dismiss an action filed in contravention" of 28 U.S.C. § 1915(g) and did not "abuse [its] discretion" by dismissing plaintiff's case without prejudice).

Plaintiff falls within this prohibition because at least three of the cases that he has filed in the Western District on an *in forma pauperis* basis were dismissed *sua sponte* for failure to state a claim before Plaintiff commenced either of his two cases in this District. *See Lettieri v. W. Dist. of N.Y.*, No. 23-cv-770 (W.D.N.Y. Sept. 11, 2023) (ECF No. 7) (granting plaintiff *in forma pauperis* status but dismissing complaint based on alleged failure by clerk's office employees to mail case filings pursuant to "28 U.S.C. §§ 1915(e)(2) (B) and 1915A on the basis of immunity)"; *Lettieri v. U.S. Dep't of Justice*, No. 23-cv-866 (W.D.N.Y. Sept. 19, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint against Assistant U.S. Attorney based on alleged violations of Federal Rules of Evidence at criminal trial "under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)"); *Lettieri v. Vilardo*, No. 23-cv-6498 (W.D.N.Y. Sept. 21, 2023) (ECF No. 3) (granting plaintiff *in forma pauperis* status but dismissing complaint because judge who presided over plaintiff's criminal trial was immune from civil suit based on his decisions related to the parties' proposed jury instructions). Neither Plaintiff's complaints nor his applications for *in forma pauperis* status make any attempt to allege that he is in imminent danger of serious physical injury that would override the prohibition in 28 U.S.C. § 1915(g).

Dismissing Plaintiff's claims pursuant to the three-strikes rule in 28 U.S.C. § 1915(g) is procedurally proper even though Plaintiff's *in forma pauperis* applications are incomplete. The *in forma pauperis* statute only exempts incarcerated plaintiffs from prepaying the fee to commence a case and authorizes courts to collect the fee over time from a plaintiff's prison account even if a court grants *in forma pauperis* status. *See* 28 U.S.C. § 1915(b). To facilitate this collection process, the Second Circuit has required incarcerated plaintiffs seeking

*in forma pauperis* status to file a signed form authorizing such collection "before making any assessment of whether an appeal should be dismissed as frivolous, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Leonard v. Lacy*, 88 F.3d 181, 182 (2d Cir. 1996). Although Plaintiff has provided the Court with information about the balance of his account maintained by the facility where he is incarcerated, he has not provided the form authorizing the Court to collect money from that account. However, even though Plaintiff's failure to provide the authorization form arguably precludes the Court from screening the merits of his claims, pursuant to 28 U.S.C. § 1915(e), it does not preclude the Court from dismissing Plaintiff's claims without prejudice pursuant to 28 U.S.C. § 1915(g). Such a dismissal denies Plaintiff *in forma pauperis* status without assessing the merits of his claims, requires him to pay the filing fee upfront, and does not trigger the process by which the Court may collect the filing fee in installments from Plaintiff's prison account. *See Meyers v. Birdsong*, ––– F.4th ––––, 2023 WL 6614357, at *3 (9th Cir. 2023) (holding that "§ 1915(b) neither permits nor requires the collection of fees" from a prisoner who seeks *in forma pauperis* status but whose request is denied pursuant to 28 U.S.C. § 1915(g)); *Smith v. Dist. of Columbia*, 182 F.3d 25, 29–30 (D.C. Cir. 1999) (holding that prisoner whose request for *in forma pauperis* status was denied pursuant to 28 U.S.C. § 1915(g) was not required to pay filing fee out of prison account).

**\*3** Finally, if Plaintiff attempts to re-file these cases, even if he were to pay the necessary filing fees, any such cases filed in this District would almost certainly be dismissed for lack of venue. Generally, a case must be filed in a judicial district where at least one defendant resides or in a judicial district where the facts giving rise to the claim occurred. *See* 28 U.S.C. § 1391(b). Accordingly, the appropriate venue for Plaintiff's claims against the Defendants involved in his criminal trial is the Western District of New York, and the appropriate venue for his claims against the Broome County Humane Society is the Northern District of New York. *See* 28 U.S.C. § 112(a) (defining the Northern District of New York to include Broome County).

## CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed *in forma pauperis* are denied, and these cases are dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is respectfully directed to enter separate

judgments, to close each case, and to mail copies of this order and the forthcoming judgments to Plaintiff. The Clerk of Court is further directed to mail a copy of this order to the Clerk of Court for the Western District of New York.

If Plaintiff wishes to reassert his claims, he must file new actions in a district court where venue is proper and pay the $402.00 filing fee for each case to the Clerk of Court for that district. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 7017081

## Footnotes

1    Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

**WESTLAW**    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2023 WL 8003478
Only the Westlaw citation is currently available.
United States District Court, E.D. New York.

David Carmine LETTIERI, Plaintiff,

v.

The BROOME COUNTY HUMANE
SOCIETY, Department of Justice, and
Federal Bureau of Investigation, Defendants.
David Carmine Lettieri, Plaintiff,

v.

James Quinn Auricchio, Michael J. Roemer, Lawrence
Joseph Vilardo, and Paul E. Bonanno, Defendants.

23-CV-07777 (HG) (MMH), 23-CV-07830 (HG) (MMH)
|
Signed November 17, 2023

**Attorneys and Law Firms**

David Carmine Lettieri, Lockport, NY, Pro Se.

### MEMORANDUM & ORDER

HECTOR GONZALEZ, United States District Judge:

**\*1** The Court previously dismissed without prejudice these two lawsuits filed by Plaintiff, who is incarcerated in a county jail in the Western District of New York while awaiting sentencing for a conviction of enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, No. 21-cr-20, 2023 WL 6531514, at \*1 (W.D.N.Y. Oct. 6, 2023) (denying plaintiff's post-trial motions for judgment of acquittal or for a new trial). The Court dismissed both of these cases, pursuant to the three-strikes rule in 28 U.S.C. § 1915(g), because Plaintiff sought *in forma pauperis* status but had already brought three lawsuits that had been dismissed *sua sponte* as frivolous or for failure to state a claim. Plaintiff has responded by filing, in both cases, motions for reconsideration and, alternatively, notices of appeal.

The Court denies Plaintiff's motions for reconsideration. Plaintiff incorrectly argues that the prison mailbox rule means that each of these two cases was deemed filed before he received the third dismissal relied upon by the Court to invoke the three-strikes rule. But when Plaintiff signed each of the complaints in these two cases, he dated them September 25 and 26, respectively, so those are the earliest

dates that he could have delivered them to the authorities where he is incarcerated to be mailed to the Court. The latest of the dismissals in Plaintiff's prior cases relied upon by the Court—*i.e.*, his third strike—came in a decision dated September 21, 2023, and a judgment was entered the same day. Therefore, Plaintiff had accumulated three strikes before he delivered either of his complaints in these two cases to authorities at the facility where he is incarcerated. Plaintiff's confidence that at least one of those decisions will be overturned on appeal does not prevent him from having accumulated three strikes. The Supreme Court has held that, when counting whether a plaintiff has received three strikes, "the courts must count [a] dismissal even though it remains pending on appeal." *Coleman v. Tollefson*, 575 U.S. 532, 534 (2015). Plaintiff has not cured his ineligibility for *in forma pauperis* status by paying the Court's filing fee, so the Court's dismissal of these two cases based on the three-strikes rule still stands.

In each motion for reconsideration, Plaintiff attempts to argue why venue would be proper in this District. For example, he argues that the dog that the Broome County Humane Society allegedly stole from a relative at a location in the Northern District of New York previously lived most of its life in Queens County. He also asserts that the judges and attorneys involved with his criminal trial in the Western District of New York were part of a wide-ranging "RICO conspiracy," but he provides no explanation as to how some aspect of that alleged conspiracy supposedly took place in this District. The Court does not find either of these two venue arguments to be valid. But even if Plaintiff's attempts to demonstrate proper venue in this District were successful, the Court still would not reconsider the dismissal of Plaintiff's cases because showing that venue is proper would not fix Plaintiff's ineligibility for *in forma pauperis* status and his failure to pay the filing fees to commence these two cases.

### CONCLUSION

**\*2** For the reasons set forth above, Plaintiff's motions for reconsideration are denied. Plaintiff's cases remain dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is respectfully directed to mail a copy of this order to Plaintiff. Since Plaintiff filed notices of appeal concurrently with his motions for reconsideration, those notices of appeal become effective as of the date of this order denying the motions. *See* Fed. R. App. P. 4(a)(4)(B)(i). However, Plaintiff must either pay the $505.00 appellate filing fee for each

case or obtain from the Second Circuit leave to appeal *in forma pauperis* because the Court reiterates its prior holding that any appeals from the Court's prior dismissal order, or this order denying Plaintiff's motions for reconsideration, would not be taken in good faith, and the Court therefore denies *in forma pauperis* status for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). Alternatively, since the Court's dismissal of these cases is without prejudice, Plaintiff may commence these lawsuits by filing new complaints in a district where venue would be proper and by paying that district's filing fee.

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 8003478

---

**End of Document**
© 2024 Thomson Reuters. No claim to original U.S. Government Works.

🏴 KeyCite Blue Flag – Appeal Notification

Appeal Filed by  Lettieri v. The Broome County Humane Society,  2nd Cir., December 27, 2023

2023 WL 9066861
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,
v.
The BROOME COUNTY HUMANE
SOCIETY, et al.,[1] Defendant.

23-CV-1223-LJV
|
Signed December 4, 2023

**Attorneys and Law Firms**

David C. Lettieri, Youngstown, OH, Pro Se.

ORDER

LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE

**\*1**  The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Niagara County Jail when he commenced this action under 42 U.S.C. § 1983. Docket Item 1. He asserts claims for "unlawful search and se[iz]ure," "excessive force," and violation of his right to "[d]ue process." *Id.* at 5.

Lettieri has moved to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)-(b). Docket Item 2. For the reasons that follow, Lettieri's motion to proceed IFP is denied. Therefore, his complaint will be dismissed without prejudice unless he pays the required $402.00 filing and administrative fees.[2]

**LEGAL PRINCIPLES**

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, a prisoner who cannot afford to pay court filing fees may proceed IFP and repay the fees according to a "structured payment plan." *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); 28 U.S.C. § 1915(a)-(b). But certain

prisoners—"so-called 'frequent filers' "—are barred from filing IFP. *Chavis*, 618 F.3d at 167. The statute defines such litigants as those who have,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Courts refer to this provision as the "three strikes rule." *Malik v. McGinnis*, 293 F.3d 559, 560 (2d Cir. 2002). Claims dismissed because of judicial or prosecutorial immunity are "frivolous" and therefore "strikes" under 28 U.S.C. § 1915(g). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (judicial immunity); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (prosecutorial immunity). Likewise, any dismissal for failure to state a claim is a "strike" regardless of whether the dismissal was with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

A prisoner who has accumulated "three strikes" may proceed IFP only if the complaint alleges that "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A danger that has "dissipated by the time [the] complaint is filed" is not "imminent." *Abreu v. Brown*, 317 F. Supp. 3d 702, 704 (W.D.N.Y. 2018) (quoting *Chavis*, 618 F.3d at 169); *see Malik*, 293 F.3d at 563 (holding that "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred" (alteration omitted)). So to be entitled to the exception, the prisoner must adequately allege a danger that "exist[s] at the time the complaint is filed." *Malik*, 293 F.3d at 563.

**DISCUSSION**

**\*2**  The three strikes rule squarely applies here. In addition to this case, Lettieri has filed more than 50 actions in this Court in the past year. *See Lettieri v. Dep't of Just.*, Case.

No. 23-cv-865, Docket Item 3, at 1 n.1 (W.D.N.Y. Oct. 19, 2023). At least three of those cases were dismissed because the defendants were immune from suit. *See Lettieri v. Vilardo*, Case No. 23-cv-6498, Docket Item 3 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint due to judicial immunity); *Lettieri v. Western Dist. of New York*, Case No. 23-cv-770, Docket Item 7 (W.D.N.Y. Sept. 11, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-866, Docket Item 3 (W.D.N.Y. Sept. 19, 2023) (dismissing complaint due to prosecutorial immunity).[3] Because the Second Circuit has held that dismissals based on immunity count as "strikes," *see Mills, 645 F.3d at 177; Collazo, 656 F.3d at 134*, Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g).[4]

For that reason, Lettieri cannot proceed IFP unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Malik*, 293 F.3d at 562. But no reading of the complaint could suggest that is the case.[5] Therefore, Lettieri is barred from proceeding IFP under section 1915.

### ORDER

Lettieri's motion to proceed IFP, Docket Item 2, therefore is DENIED. If Lettieri wants to pursue this action, he must pay the $402.00 filing and administrative fees. If Lettieri fails to pay the full filing and administrative fees **within 30 days of the date of this order**, this case will be dismissed without prejudice without further order of the Court.

SO ORDERED.

### All Citations

Slip Copy, 2023 WL 9066861

### Footnotes

1 The complaint—and thus the official case caption—names "The Broome County Humane" instead of "The Broome County Humane Society," which is the entity that Lettieri seems to intend to sue. Docket Item 1 at 1, 5. The Clerk of the Court shall correct the caption accordingly. The other defendants named are the Department of Justice and the Federal Bureau of Investigation ("FBI"). *Id.*

2 The fee to file a civil action is $350.00. Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us.

Effective December 1, 2020, this fee was increased to $52.00. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

3 Those three cases are not the only ones filed by Lettieri that have been dismissed for reasons that likely are "strikes." *See, e.g., Lettieri v. Daniels*, Case No. 23-cv-867, Docket Item 3 (W.D.N.Y. Oct. 16, 2023) (dismissing complaint for failure to state a claim); *Lettieri v. Auricchio*, Case No. 23-cv-875, Docket Item 3 (W.D.N.Y. Oct. 11, 2023) (same); *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 4 (W.D.N.Y. Oct. 17, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-897, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (dismissing complaint due to prosecutorial immunity). In fact, none of Lettieri's civil complaints that this Court has screened under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A have raised colorable claims. So Lettieri likely has many more than three strikes. But three are enough. 28 U.S.C. § 1915(g).

4 Three courts, including this one, have found that Lettieri has garnered three strikes under section 1915. *See Lettieri v. Vilardo*, Case No. 23-cv-6563 (W.D.N.Y Oct. 10, 2023) (Wolford, C.J.) (denying Lettieri's motion to proceed IFP under the three strikes rule); *Lettieri v. Broome Cnty. Humane Soc'y*, 2023 WL 7017081, at *2-3

(E.D.N.Y. Oct. 25, 2023) (Gonzalez, J.) (same); *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023) (Vilardo, J.) (same).

5    Lettieri alleges that "[t]he FBI [l]et the Broome County Humane Society [break] [i]nto [his] [h]ouse and take whatever they wanted," including "a rat." Docket Item 1 at 5. He then alleges that "they" are "trying to extort money [f]or [i]llegal[ly] tak[ing] care of the [r]at," although he does not clarify who "they" are. *Id.* Although it is difficult to understand the complaint in places, no part of it suggests that Lettieri was in any "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g).

---

**End of Document**                                                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

**Lettieri v. Auricchio, Slip Copy (2023)**

KeyCite Blue Flag – Appeal Notification

Appeal Filed by  Lettieri v. Auricchio,   2nd Cir.,   December 27, 2023

2023 WL 9066873
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,

v.

James Quinn AURICCHIO, [1] Defendant.

23-CV-1121-LJV

|

Signed December 4, 2023

**Attorneys and Law Firms**

David C. Lettieri, Lockport, NY, Pro Se.

ORDER

LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE

 **\*1**  The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Niagara County Jail when he commenced this action under 42 U.S.C. § 1983. Docket Item 1. He alleges that his former defense attorney, James Quinn Auricchio, violated his right to due process and provided ineffective assistance of counsel. [2] Docket Item 1 at 5.

Lettieri has moved to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)-(b). Docket Item 2. For the reasons that follow, Lettieri's motion to proceed IFP is denied. Therefore, his complaint will be dismissed without prejudice unless he pays the required $402.00 filing and administrative fees. [3]

**LEGAL PRINCIPLES**

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, a prisoner who cannot afford to pay court filing fees may proceed IFP and repay the fees according to a "structured payment plan." *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); 28 U.S.C. § 1915(a)-(b). But certain prisoners—"so-called 'frequent filers' "—are barred from

filing IFP. *Chavis*, 618 F.3d at 167. The statute defines such litigants as those who have,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Courts refer to this provision as the "three strikes rule." *Malik v. McGinnis*, 293 F.3d 559, 560 (2d Cir. 2002). Claims dismissed because of judicial or prosecutorial immunity are "frivolous" and therefore "strikes" under 28 U.S.C. § 1915(g). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (judicial immunity); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (prosecutorial immunity). Likewise, any dismissal for failure to state a claim is a "strike" regardless of whether the dismissal was with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

 **\*2**  A prisoner who has accumulated "three strikes" may proceed IFP only if the complaint alleges that "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A danger that has "dissipated by the time [the] complaint is filed" is not "imminent." *Abreu v. Brown*, 317 F. Supp. 3d 702, 704 (W.D.N.Y. 2018) (quoting *Chavis*, 618 F.3d at 169); *see Malik*, 293 F.3d at 563 (holding that "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred" (alteration omitted)). So to be entitled to the exception, the prisoner must adequately allege a danger that "exist[s] at the time the complaint is filed." *Malik*, 293 F.3d at 563.

**DISCUSSION**

The three strikes rule squarely applies here. In addition to this case, Lettieri has filed more than 50 actions in this Court in the past year. *See Lettieri v. Dep't of Just.*, Case. No. 23-cv-865, Docket Item 3, at 1 n.1 (W.D.N.Y. Oct.

19, 2023). At least three of those cases were dismissed because the defendants were immune from suit. *See Lettieri v. Vilardo*, Case No. 23-cv-6498, Docket Item 3 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint due to judicial immunity); *Lettieri v. Western Dist. of New York*, Case No. 23-cv-770, Docket Item 7 (W.D.N.Y. Sept. 11, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-866, Docket Item 3 (W.D.N.Y. Sept. 19, 2023) (dismissing complaint due to prosecutorial immunity). [4] Because the Second Circuit has held that dismissals based on immunity count as "strikes," *see Mills, 645 F.3d at 177; Collazo, 656 F.3d at 134*, Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g). [5]

For that reason, Lettieri cannot proceed IFP unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Malik, 293 F.3d at 562*. But his complaint does not even suggest that is the case. Instead, his complaint alleges an injury in connection with his criminal trial, which

ended months ago. [6] Therefore, Lettieri is barred from proceeding IFP under section 1915.

### ORDER

**\*3** Lettieri's motion to proceed IFP, Docket Item 2, therefore is DENIED. If Lettieri wants to pursue this action, he must pay the $402.00 filing and administrative fees. If Lettieri fails to pay the full filing and administrative fees **within 30 days of the date of this order**, this case will be dismissed without prejudice without further order of the Court.

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 9066873

---

### Footnotes

1    Lettieri's complaint, and thus the official case caption, misspelled Auricchio's name, which appears correctly here. The Clerk of the Court shall correct the caption accordingly.

2    On June 14, 2023, a jury found Lettieri guilty on one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023). Auricchio represented Lettieri in this case from April 15, 2021, *see id.*, Docket Item 17 (W.D.N.Y. Apr. 15, 2021), until March 3, 2022, *id.*, Docket Item 38 (W.D.N.Y. Mar. 3, 2022).

3    The fee to file a civil action is $350.00. Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. Effective December 1, 2020, this fee was increased to $52.00. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

4    Those three cases are not the only ones filed by Lettieri that have been dismissed for reasons that likely are "strikes." *See, e.g., Lettieri v. Daniels*, Case No. 23-cv-867, Docket Item 3 (W.D.N.Y. Oct. 16, 2023) (dismissing complaint for failure to state a claim); *Lettieri v. Auricchio*, Case No. 23-cv-875, Docket Item 3 (W.D.N.Y. Oct. 11, 2023) (same); *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 4 (W.D.N.Y. Oct. 17, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-897, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (dismissing complaint due to prosecutorial immunity). In fact, none of Lettieri's civil complaints that this Court has screened under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A have raised colorable claims. So Lettieri likely has many more than three strikes. But three are enough. 28 U.S.C. § 1915(g).

5    Three courts, including this one, have found that Lettieri has garnered three strikes under section 1915. *See Lettieri v. Vilardo*, Case No. 23-cv-6563, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (Wolford, C.J.) (denying

Lettieri's motion to proceed IFP under the three strikes rule); *Lettieri v. Broome Cnty. Humane Soc'y*, 2023 WL 7017081, at *2-3 (E.D.N.Y. Oct. 25, 2023) (Gonzalez, J.) (same); *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023) (Vilardo, J.) (same).

6        Lettieri sues Auricchio for violation of his due process rights and for ineffective assistance of counsel. Docket Item 1 at 5. He alleges that he was shown an "affidavit" that was purportedly signed by him but that he "[d]id not sign anything and can prove that the signature was [f]orged." *Id.* at 8. He argues that this "show[s]" that Auricchio "committed a crime." *Id.* Those assertions do not suggest that Lettieri was in any "imminent danger of serious physical injury" when he filed the complaint. *See* 28 U.S.C. § 1915(g).

---

**End of Document**                                          © 2024 Thomson Reuters. No claim to original U.S. Government Works.

2020 WL 4700902
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

David CARTER, Plaintiff,

v.

NEW YORK STATE; C.O. Morges, Downstate
Correctional Facility; C.O. Melendez,
Downstate Correctional Facility, Defendants.

20-CV-5955 (CM)
|
Signed 08/12/2020

**Attorneys and Law Firms**

David Carter, East Elmhurst, NY, pro se.

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

 **\*1** Plaintiff, currently detained at the George R. Vierno
Center in the custody of the New York City Department
of Correction (DOC), filed this action *pro se* in the United
States District Court for the Northern District of New York,
which transferred it here. Plaintiff seeks to proceed without
prepayment of fees, that is, *in forma pauperis* ("IFP").
Plaintiff is barred, however, from filing any new action IFP
while a prisoner. *See Carter v. New York City John Doe Corr.
Officer*, ECF 1:16-CV-3466, 6 (S.D.N.Y. Aug. 25, 2016).
That order relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a
> civil action [IFP] if the prisoner has,
> on 3 or more prior occasions, while
> incarcerated or detained in any facility,
> brought an action or appeal in a court
> of the United States that was dismissed
> on the grounds that it is frivolous,
> malicious, or fails to state a claim upon
> which relief may be granted, unless the
> prisoner is under imminent danger of
> serious physical injury.

"[A] prisoner can proceed IFP even after incurring three
strikes if his complaint alleges an 'imminent danger of serious
physical injury.' " *Chavis v. Chappius*, 618 F.3d 162, 169 (2d
Cir. 2010) (quoting 28 U.S.C. § 1915(g)). Moreover, courts
"should not make an overly detailed inquiry into whether
the allegations qualify for the exception" because § 1915(g)
"concerns only a threshold procedural question" about when
payment for the filing fee is to be made. *Id.* Plaintiff alleges
that on May 14, 2019, Correction Officer Morges deliberately
pushed him down a stairwell at Great Meadow Correctional
Facility. Correction Officer Melendez then allegedly helped
Correction Officer Morges further physically assault Plaintiff
at the bottom of the stairwell. [1]

In considering whether a prisoner's complaint falls within
the imminent danger exception, "it is not sufficient to allege
that 'harms ... had already occurred' " before the complaint
was filed. *Akassy v. Hardy*, 887 F.3d 91, 96 (2d Cir. 2018);
*Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009) ("[A]
three-strikes litigant is not excepted from the filing fee if he
alleges a danger that has dissipated by the time a complaint
is filed."). But allegations of past violence can satisfy the
imminent danger exception when, for example, the past harms
are part of an ongoing pattern of acts. *Chavis*, 618 F.3d at 170.

Plaintiff's allegations that he suffered a past assault while
incarcerated at Downstate Correctional Facility do not
suggest that he currently faces an imminent danger. Plaintiff
was incarcerated at Great Meadow Correctional Facility
when he filed this complaint in the United States District
Court Northern District of New York, and he is currently
detained at GRVC in DOC custody. Plaintiff makes no
allegation suggesting that this May 2019 incident involving
two correction officers at Downstate Correctional Facility is
part of a continuing pattern of ongoing acts.

 **\*2** The Court therefore denies Plaintiff's request to proceed
IFP in this action because he is barred under § 1915(g)
and the complaint does not show that he faces imminent
danger. Plaintiff therefore must prepay the $350.00 filing fee
to proceed with this action.

**CONCLUSION**

The Clerk of Court is directed to mail a copy of this
order to Plaintiff and note service on the docket. The Court
denies Plaintiff's request to proceed IFP, and the complaint is
dismissed without prejudice under the PLRA's "three-strikes"

**Carter v. New York State, Not Reported in Fed. Supp. (2020)**

Case 3:24-cv-00475-DNH-ML   Document 10   Filed 06/05/24   Page 25 of 32

rule. *See* 28 U.S.C. § 1915(g). [2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury. [3] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith,

and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

**All Citations**

Not Reported in Fed. Supp., 2020 WL 4700902

## Footnotes

1    The Court previously dismissed Plaintiff's April 30, 2020 complaint, which appears to have brought claims arising from the same incident at Downstate Correctional Facility. *See Carter v. Morges*, No. 20-CV-3367 (CM) (S.D.N.Y. May 18, 2020).

2    Plaintiff may commence a new action by paying the filing fee. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

3    The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

---

**End of Document**                    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Blue Flag – Appeal Notification
Appeal Filed by Lettieri v. Bonanno, 2nd Cir., January 5, 2024

2023 WL 9184676
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,
v.
Paul E. BONANNO, Hon. Lawrence
Joseph Vilardo, Defendants. [1]

6:23-CV-06515-EAW
|
Signed December 18, 2023

**Attorneys and Law Firms**

David C. Lettieri, Lockport, NY, Pro Se.

## ORDER

Elizabeth A. Wolford, Chief Judge

**\*1** *Pro se* Plaintiff, David C. Lettieri ("Plaintiff"), is a prisoner who [2] was found guilty by a jury on June 14, 2023, of one count of enticement of a minor in violation of 18 U.S.C. § 2422(b), *United States v. Lettieri*, Case No. 1:21-cr-00020-LJV, Dkt. 146; Dkt. 150 (W.D.N.Y. June 14, 2023). He has not yet been sentenced.

In the present case, Plaintiff asserts claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) ("*Bivens*"), [3] against one of the prosecutors in his criminal prosecution and Judge Vilardo, who is assigned to his criminal case and almost all the other 55 plus civil actions and habeas petitions Plaintiff has brought in this Court. (Dkt. 1 at 8-9). Plaintiff also seeks permission to proceed *in forma pauperis* ("IFP") (Dkt. 2), and has moved for order directing that Defendants undergo mental health examinations (Dkt. 6).

Because Plaintiff meets the statutory requirements of 28 U.S.C. § 1915(a) and has filed the required authorization and certification (Dkt. 2), the Court grants the IFP motion. [4] Therefore, under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a), the Court screens the complaint. For the reasons that follow,

Plaintiff's complaint is dismissed with prejudice under §§ 1915(e)(2)(B) and 1915A(b).

## DISCUSSION

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the complaint (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

**\*2** Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639; *see also Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("A *pro se* complaint is to be read liberally. Certainly the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999))). But leave to amend pleadings may be denied when any amendment would be "futile." *Cuoco*, 222 F.3d at 112.

## I. THE COMPLAINT

In evaluating a complaint, the court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) ("[E]ven after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the

notice requirements of Rule 8 of the Federal Rules of Civil Procedure, *Wynder v. McMahon*, 360 F.3d 73, 79 n.11 (2d Cir. 2004).

Plaintiff has sued Assistant United States Attorney Paul Bonanno ("Bonanno") and Judge Vilardo. He alleges that, at a hearing in his criminal prosecution held on September 13, 2023, Bonanno "admitted" to United States Magistrate Judge Michael J. Roemer that the online social media account of "Leaf Liate" [5] was "fake[d]" ... by the government" in order to obtain revocation of Plaintiff's bail. (Dkt. 1 at 8). [6] Plaintiff further claims that Bonanno "may not be mental[ly] stable" because in his memorandum, Bonanno claimed "that the person still exists and it would ... be proven at trial in the evidence." (*Id.*). On the day of jury selection, Plaintiff finally saw the "Jen[c]k[s] 3500 material," [7] which showed "at five to ten documents [and a] government agent stat[ing]" that "there wasn't going to be any proof at trial in which there wasn't." (*Id.*).

Plaintiff also alleges that Judge Vilardo refused to convert a habeas corpus petition Plaintiff filed under 28 U.S.C. § 2241 to a civil action under 42 U.S.C. § 1983, *see Lettieri v. Reynolds*, Case No. 1:22-cv-00926-LJV, Dkt. 20 (W.D.N.Y. Aug. 2, 2023), and that Judge Vilardo has denied "every lawsuit" that Plaintiff has filed because Plaintiff has not complied with the statutory IFP "requirements," (Dkt. 1 at 8-9).

Plaintiff seeks monetary damages only. (*Id.* at 6).

## II. ABSOLUTE JUDICIAL AND PROSECUTORIAL IMMUNITY

Plaintiff's claims are barred by the doctrines of absolute judicial and prosecutorial immunity.

### 1. Judicial Immunity

**\*3** Judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 12 (1991). "Such judicial immunity is conferred in order to insure 'that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009) (quoting *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)). "Thus, even allegations of bad faith or malice cannot overcome judicial immunity." *Id.*

Indeed, a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted); *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction). A judge is immune for actions performed in his judicial capacity. *C.f. Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant).

Here, Plaintiff alleges that Judge Vilardo refused to convert a habeas petition to a civil action under § 1983 and has denied "every" lawsuit he has filed because Plaintiff has not complied with the requirements for proceeding IFP. Judge Vilardo has administratively closed many of Plaintiff's civil actions because Plaintiff did not pay the filing and administrative fees or submit a complete IFP motion that included a prison certification, *see* 28 U.S.C. § 1915(a)(2), and a prison authorization, *see* 28 U.S.C. § 1915(b)(1)-(4). *See* 23-mc-32 (ordering Plaintiff to show cause why he should not be prohibited from filing cases in this District without prepaying the filing and administrative fees ($402.00), *see* 28 U.S.C. § 1914(a), or submitting a complete IFP motion). [8]

Plaintiff makes no allegation that Judge Vilardo acted in the clear absence of all jurisdiction. He complains precisely of actions Judge Vilardo performed in his judicial capacity. Therefore, absolute judicial immunity bars Plaintiff's claims against Judge Vilardo and Plaintiff claims against Judge Vilardo are dismissed with prejudice.

### 2. Absolute Prosecutorial Immunity

In addition to judges, prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 suits and *Bivens* suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "The absolute immunity accorded to government prosecutors encompasses not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation...." *Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986); *see also Bouchard v. Olmsted*, 775 F. App'x 701, 703-04 (2d Cir. 2019) (summary order) (determining that federal prosecutors were immune

from *Bivens* claims); *Dory v. Ryan*, 25 F.3d 81, 83 (2d Cir. 1994) ("[A]bsolute immunity protects a prosecutor from [civil] liability for virtually all acts, regardless of motivation, associated with his function as an advocate.").

**\*4** As best the Court can discern, Plaintiff claims that Bonanno made certain arguments or statements at a hearing in Plaintiff's criminal prosecution regarding the existence of an individual's online account and later presented a memorandum to the Court contradicting those arguments or statements. (Dkt. 1 at 8). Bonanno's actions were performed within his role as an advocate and were clearly associated within the conduct of litigation or potential litigation of Plaintiff's criminal charges. Therefore, Bonanno is entitled to absolute prosecutorial immunity from Plaintiff's claims and Plaintiff's claims against Bonanno are dismissed with prejudice.

## III. LEAVE TO AMEND

The Second Circuit has advised that a *pro se* complaint should not be dismissed without an opportunity to amend unless such amendment would be futile. *Cuoco v. Moritsugu*, 222 F.3d 99, 122 (2d Cir. 2000). The Court has considered whether to grant Plaintiff leave to amend but finds that because the defects in Plaintiff's complaint are substantive, "better pleading will not cure [them]." *Id.* (affirming denial of leave to amend because claims futile).

Accordingly, Plaintiff's complaint is dismissed with prejudice. [9]

## **CONCLUSION**

For the reasons set forth above, the Court grants Plaintiff's IFP Motion (Dkt. 2), and dismisses Plaintiff's complaint with prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2). Plaintiff's motion for an order directing that Defendants undergo mental health examinations (Dkt. 6) is denied as moot.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Any request to proceed on appeal in forma pauperis should be directed on motion to the United States Court of Appeals for the Second Circuity in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

**All Citations**

Slip Copy, 2023 WL 9184676

## Footnotes

1    The Clerk of Court is directed to amend the caption of this action as set forth herein.

2    Since November 2022, Plaintiff has filed approximately 60 civil actions and petitions in this Court. Judge Vilardo recently found that Plaintiff has engaged in a pattern of abuse of the judicial process, *In re: David C. Lettieri*, Case No. 1:23-mc-32, Dkt. 1 (W.D.N.Y. Sept. 5, 2023) ("23-mc-32"), and should be sanctioned based on his vexatious litigation history, *id.* at Dkt. 11. Plaintiff was directed to show cause why he should not be precluded from filing any further actions in this Court for one year without first obtaining permission from the Court. *Id.* at Dkt. 11.

3    Because Plaintiff brings constitutional claims against a federal official, the Court construes his claims as brought under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109, 109-10 (2d Cir. 1995) ("Although Tavarez brought the action under § 1983, the district court properly construed the complaint as an action under" *Bivens*.).

4       Following the filing of this action, this Court found that Plaintiff had garnered three strikes under 28 U.S.C. § 1915(g) and, therefore, could not proceed IFP without showing that he is under "imminent danger of serious physical injury." *See Lettieri v. Vilardo*, Case No. 6:23-cv-06563-EAW, Dkt. 3 (W.D.N.Y. Oct. 10, 2023).

5       The spelling of this name is not clear.

6       Because the complaint is confusing, the Court quotes directly from it where appropriate.

7       *See* Jencks Act, 18 U.S.C. § 3500 (addressing timing of disclosure of statements of government witnesses).

8       *See Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.,* 146 F.3d 66, 70 (2d Cir. 1998) ("A court may take judicial notice of a document filed in another court not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." (internal quotation marks omitted)).

9       The Supreme Court has cautioned that the *Bivens* remedy should rarely be extended to new contexts. *See Ziglar v. Abbasi*, 582 U.S. 120, 135-40 (2017). In light of Defendants' immunity, the Court finds that a *Bivens* analysis is unnecessary but notes that it would be highly unlikely that it would extend to the context at issue here.

---

**End of Document**                                        © 2024 Thomson Reuters. No claim to original U.S. Government Works.

KeyCite Red Flag - Severe Negative Treatment

On Reconsideration  Lettieri v. Bonanno,  W.D.N.Y.,  May 16, 2024

2023 WL 9421209
Only the Westlaw citation is currently available.
United States District Court, W.D. New York.

David C. LETTIERI, Plaintiff,
v.
Paul E. BONANNO, Defendant.

23-CV-1081-LJV
|
Signed December 4, 2023

**Attorneys and Law Firms**

David C. Lettieri, Lockport, NY, Pro Se.

ORDER

LAWRENCE J. VILARDO, UNITED STATES DISTRICT JUDGE

 **\*1**  The *pro se* plaintiff, David C. Lettieri, was a prisoner incarcerated at the Niagara County Jail when he commenced this action under 42 U.S.C. § 1983. Docket Item 1. He alleges that Assistant United States Attorney Paul E. Bonanno violated his right to due process and engaged in malicious prosecution during the federal criminal prosecution that resulted in Lettieri's conviction. [1]  *Id.* at 5, 8.

Lettieri has moved to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)-(b). Docket Item 2. He also filed motions for an immediate trial, Docket Item 3, and to add a defendant, Docket Item 4. For the reasons that follow, Lettieri's motion to proceed IFP is denied, and his other motions are denied as well. Therefore, his complaint will be dismissed without prejudice unless he pays the required $402.00 filing and administrative fees. [2]

**LEGAL PRINCIPLES**

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act of 1995, a prisoner who cannot afford to pay court filing fees may proceed IFP and repay the fees according to

a "structured payment plan." *Chavis v. Chappius*, 618 F.3d 162, 167 (2d Cir. 2010); 28 U.S.C. § 1915(a)-(b). But certain prisoners—"so-called 'frequent filers' "—are barred from filing IFP. *Chavis*, 618 F.3d at 167. The statute defines such litigants as those who have,

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal ... that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Courts refer to this provision as the "three strikes rule." *Malik v. McGinnis*, 293 F.3d 559, 560 (2d Cir. 2002). Claims dismissed because of judicial or prosecutorial immunity are "frivolous" and therefore "strikes" under 28 U.S.C. § 1915(g). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (judicial immunity); *Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (prosecutorial immunity). Likewise, any dismissal for failure to state a claim is a "strike" regardless of whether the dismissal was with or without prejudice. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

 **\*2**  A prisoner who has accumulated "three strikes" may proceed IFP only if the complaint alleges that "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). A danger that has "dissipated by the time [the] complaint is filed" is not "imminent." *Abreu v. Brown*, 317 F. Supp. 3d 702, 704 (W.D.N.Y. 2018) (quoting *Chavis*, 618 F.3d at 169); *see Malik*, 293 F.3d at 563 (holding that "by using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred" (alteration omitted)). So to be entitled to the exception, the prisoner must adequately allege a danger that "exist[s] at the time the complaint is filed." *Malik*, 293 F.3d at 563.

**DISCUSSION**

The three strikes rule squarely applies here. In addition to this case, Lettieri has filed more than 50 actions in this Court in the past year. *See Lettieri v. Dep't of Just.*, Case. No. 23-cv-865, Docket Item 3, at 1 n.1 (W.D.N.Y. Oct. 19, 2023). At least three of those cases were dismissed because the defendants were immune from suit. *See Lettieri v. Vilardo*, Case No. 23-cv-6498, Docket Item 3 (W.D.N.Y. Sept. 21, 2023) (dismissing complaint due to judicial immunity); *Lettieri v. Western Dist. of New York*, Case No. 23-cv-770, Docket Item 7 (W.D.N.Y. Sept. 11, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-866, Docket Item 3 (W.D.N.Y. Sept. 19, 2023) (dismissing complaint due to prosecutorial immunity).[3] Because the Second Circuit has held that dismissals based on immunity count as "strikes," *see Mills, 645 F.3d at 177; Collazo, 656 F.3d at 134*, Lettieri has accumulated three strikes under 28 U.S.C. § 1915(g).[4]

For that reason, Lettieri cannot proceed IFP unless he faces "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Malik, 293 F.3d at 562*. But his complaint does not even suggest that is the case. Instead, his complaint alleges an injury in connection with his criminal trial, which ended months ago.[5] Therefore, Lettieri is barred from proceeding IFP under section 1915.

## ORDER

**\*3** Lettieri's motion to proceed IFP, Docket Item 2, therefore is DENIED. His motions for an immediate trial, Docket Item 3, and to add a defendant, Docket Item 4, likewise are DENIED without prejudice. If Lettieri wants to pursue this action, he must pay the $402.00 filing and administrative fees. If Lettieri fails to pay the full filing and administrative fees **within 30 days of the date of this order**, this case will be dismissed without prejudice without further order of the Court.

SO ORDERED.

## All Citations

Slip Copy, 2023 WL 9421209

## Footnotes

1    On June 14, 2023, a jury found Lettieri guilty on one count of enticement of a minor in violation of 18 U.S.C. § 2422(b). *See United States v. Lettieri*, Case No. 21-cr-20, Docket Items 146, 150 (W.D.N.Y. June 14, 2023). In the complaint, Lettieri appears to focus on Bonanno's actions at the September 7, 2023, court proceeding addressing Lettieri's motions for acquittal and a new trial. *See id.*, Docket Item 166 (W.D.N.Y. Sept. 7, 2023).

2    The fee to file a civil action is $350.00. Effective May 1, 2013, the Judicial Conference of the United States added an administrative fee of $50.00 to the cost of filing a civil lawsuit in district court. *See* September 2012 Report of the Proceedings of the Judicial Conference of the United States, available at http://www.uscourts.gov/about-federal-courts/reports-proceedings-judicial-conference-us. Effective December 1, 2020, this fee was increased to $52.00. *See* District Court Miscellaneous Fee Schedule, https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

3    Those three cases are not the only ones filed by Lettieri that have been dismissed for reasons that likely are "strikes." *See, e.g., Lettieri v. Daniels*, Case No. 23-cv-867, Docket Item 3 (W.D.N.Y. Oct. 16, 2023) (dismissing complaint for failure to state a claim); *Lettieri v. Auricchio*, Case No. 23-cv-875, Docket Item 3 (W.D.N.Y. Oct. 11, 2023) (same); *Lettieri v. Reynolds*, Case No. 23-cv-925, Docket Item 4 (W.D.N.Y. Oct. 17, 2023) (same); *Lettieri v. Dep't of Just.*, Case No. 23-cv-897, Docket Item 3 (W.D.N.Y. Oct. 10, 2023) (dismissing complaint due to prosecutorial immunity). In fact, none of Lettieri's civil complaints that this Court has screened under 28 U.S.C. §§ 1915(e)(2)(b) and 1915A have raised colorable claims. So Lettieri likely has many more than three strikes. But three are enough. 28 U.S.C. § 1915(g).

4      Three courts, including this one, have found that Lettieri has garnered three strikes under section 1915. *See Lettieri v. Vilardo*, Case No. 23-cv-6563 (W.D.N. Y Oct. 10, 2023) (Wolford, C.J.) (denying Lettieri's motion to proceed IFP under the three strikes rule); *Lettieri v. Broome Cnty. Humane Soc'y*, 2023 WL 7017081, at *2-3 (E.D.N.Y. Oct. 25, 2023) (Gonzalez, J.) (same); *Lettieri v. Hockwater*, Case No. 23-cv-1123, Docket Item 3 (W.D.N.Y. Nov. 13, 2023) (Vilardo, J.) (same).

5      Lettieri says that Bonanno "abused his position as an 'officer' of the [C]ourt by lying to a [j]udge [i]n the courtroom." Docket Item 1 at 9. He alleges that Bonanno knew or should have known that Lettieri's cell phone service provider was Verizon—not T-Mobile—and that saying otherwise during a court proceeding violated Lettieri's right to "[d]ue process." *Id.* at 8. Those assertions do not suggest that Lettieri was in any "imminent danger of serious physical injury" when he filed the complaint. *See* 28 U.S.C. § 1915(g).

---

**End of Document**

© 2024 Thomson Reuters. No claim to original U.S. Government Works.